UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
NNAYAH ANALEE BROWN,                           :
                                                              :
                    Plaintiff,           :
                                                              :           **MEMORANDUM AND**
      -against-                                 :           **ORDER**
                                                              :
COMMISSIONER OF THE SOCIAL            :           23-CV-3358 (PK)
SECURITY ADMINISTRATION,              :
                                                              :
                    Defendant.         :
------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge**:

       Plaintiff Nnayah Analee Brown ("Plaintiff") filed this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of the decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her claim for Social Security Disability benefits. ("Compl.," Dkt. 1). Her attorney Daniel Osborn ("Mr. Osborn," or "Counsel") has now filed a Motion for Attorneys' Fees pursuant to 42 U.S.C. § 406(b) ("Motion," Dkt. 17 (*see* Mem. of Law in Supp. ("Mem."), Dkt. 17-7.)) For the reasons stated below, the Motion is granted, and Counsel is awarded $5,800 in fees.

                                       **I.**     **BACKGROUND**

       On April 28, 2020, Plaintiff filed a Title II application for child's insurance benefits with the Social Security Administration ("SSA"), and on November 7, 2020, filed a Title XVI application for supplemental security income for a disability that began on January 1, 2009. (Compl. ¶ 5.) The SSA denied Plaintiff's SSDI applications on September 28, 2020, and denied the applications again upon reconsideration on March 2, 2021. (*Id.* ¶ 6.) Plaintiff requested an administrative hearing, which was held on September 21, 2021. (*Id.* ¶ 7.) On October 26, 2021, an Administrative Law Judge ("ALJ") denied Plaintiff's application. (*Id.*) On March 6, 2023, the Appeals Council denied Plaintiff's request for review. (*Id.* ¶ 8.)

1

In April 2023, Plaintiff retained Counsel to represent her in this action. (Mem. at 1.) The retainer agreement ("Retainer") provides for a contingency fee of 25% of past-due benefits, with specific authorization for fees under 42 U.S.C. § 406(b). (Ex. 1 to Osborn Decl., Dkt. 17-2.)

Plaintiff filed the Complaint on May 3, 2023. (Dkt. 1.) On September 7, 2023, Defendant filed the Administrative Record (Dkt. 9) and a joint motion to remand this matter to the SSA for further proceedings. (Dkt. 10.) The Court granted the motion, and on September 15, 2023, the Clerk entered Judgment and remanded the case for further proceedings. (Dkt. 12.)

Based on a stipulation entered into by the parties, the Court awarded Counsel attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $994.06. (Dkt. 16.)

Upon remand to the SSA, a second hearing was held, and the ALJ issued a decision that was fully favorable to Plaintiff. (Osborn Decl. ¶ 9.) On December 11, 2024, the SSA issued a Notice of Award to Plaintiff ("Notice," Ex. 4 to Osborn Decl., Dkt 17-5), notifying her that she was entitled to monthly benefits beginning June 2020, and specifying that $25,126.50 was being withheld from her past-due benefits for potential attorneys' fees. Because the SSA usually withholds 25 percent of past-due benefits for attorneys' fees (*id.* at 3), it can be inferred that the full amount of past-due benefits is $100,506.

Counsel filed the Motion on December 31, 2024, requesting that the Court approve attorneys' fees in the amount of $5,800. The Commissioner does not oppose Counsel's request for fees. (Dkt. 18.)

## II.  LEGAL STANDARD

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the

2

total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

In determining whether the requested fee is reasonable, a court considers: "(a) the character of the representation and the results achieved, (b) whether counsel was responsible for undue delay, such as a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits, (c) whether there was fraud or overreaching in the making of the contingency agreement; and (d) whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney." *Munoz v. Comm'r of Soc. Sec.*, No. 20-CV-2496 (KAM), 2023 WL 5310742, at *1 (E.D.N.Y. Aug. 17, 2023) (citing *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022)).

To determine whether a fee award constitutes a windfall, courts consider four factors beyond the *de facto* hourly rate: 1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; 2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level"; 3) "the satisfaction of the disabled claimant"; and 4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

### III.   DISCUSSION

#### A. Timeliness

A request for an award of attorneys' fees must be filed within fourteen days of a claimant's notice of benefits calculation. *See Sinkler v. Berryhill*, 932 F.3d 83, 89 (2d Cir. 2019); Fed. R. Civ. P. 54(d)(2)(B). Counsel received the Notice on December 18, 2024[1] (Osborn Decl. ¶ 8) and filed the

---

[1] The law firm of Pasternack Tilker, which represented Plaintiff before the SSA, received the Notice before this date and forwarded it to Counsel (Osborn Decl. ¶ 12). The Court considers the date of notice to be the date when Counsel who is requesting fees received notice.

3

Motion on December 31, 2024. Thus, the Motion was timely. *See, e.g.*, *Diberardino v. Comm'r of Soc. Sec.*, No. 17-CV-02868 (PKC), 2020 WL 6746828, at *2 (E.D.N.Y. Nov. 17, 2020) ("[W]here the claimant has been notified of a benefits award, but the claimant's counsel has not . . . fairness would dictate that the period for filing the motion should be tolled until counsel receives notice of the award."); *Sinkler*, 932 F.3d at 88 ("Once counsel receives notice of the benefits award . . . there is no sound reason not to apply rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing . . . .").

### B. Reasonableness

The first three factors weigh in favor of finding the requested fee to be reasonable. There is no indication that Counsel's representation of Plaintiff was in any way substandard, *see Fields*, 24 F.4th at 853, and Counsel obtained a stipulated remand, which enabled Plaintiff to achieve the result she sought. *See Gray v. Comm'r of Soc. Sec.*, No. 20-CV-3916 (PKC), 2023 WL 3948796, at *3 (E.D.N.Y. June 12, 2023). Moreover, there is no evidence that Counsel was responsible for any undue delay, or that there was fraud or overreaching in the making of the Retainer, which provides for a contingency fee of 25%. *See Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 403-04 (S.D.N.Y. March 31, 2000).

### C. Whether the Fee Constitutes a Windfall

The Court weighs each of the *Fields* factors to determine whether Counsel's requested award of $5,800 constitutes a windfall. *See Fields*, 24 F.4th at 856.

Counsel was efficient, achieving a favorable result for his client with only 2.9 hours of attorney time and 2.9 hours of paralegal time. (Time Records, Ex. 2 to Osborn Decl., Dkt. 17-3.) In addition, Plaintiff received an award of six figures in benefits, so it can be presumed that she is satisfied with the result. *See, e.g.*, *Gray*, 2023 WL 3948796, at *4 (presuming that "Plaintiff is satisfied with receiving the past-due benefits that she sought"); *Capers*, 2022 WL 3543569, at *7; *Ricciardi v. Comm'r of Soc. Sec.*, No. 19-CV-3304 (MKB), 2022 WL 1597401, at *4 (E.D.N.Y. May 19, 2022); *Springer v. Comm'r of Soc. Sec.*, No. 19-CV-2032 (RRM), 2023 WL 2711313, at *4 (E.D.N.Y. Mar. 30, 2023).

4

On the other hand, Counsel did not submit any information regarding his experience or expertise in Social Security cases, and he lacked a lengthy professional relationship with Plaintiff, representing her for only approximately five months after another firm handled the case before the SSA. *See Munoz*, 2023 WL 5310742, at *3 (where counsel did not represent plaintiff at the agency level, a downward adjustment in counsel's fee was justified); *Thommassian v. Kijakazi*, No. 20-CV-4212 (KAM), 2023 WL 4707826, at *3 (E.D.N.Y. July 24, 2023); *Piccolo v. Kijakazi*, No. 23-CV-6165 (RPK), 2024 WL 5159439, at *2 (E.D.N.Y. Dec. 18, 2024).

Moreover, Counsel did not expend much effort in order to achieve Plaintiff's benefits award. The Time Records reflect that Counsel's paralegal, not Counsel, drafted and filed the Summons, Complaint, and other supporting documents, and that Counsel only reviewed the motion to remand, which the Commissioner drafted and filed. Thus, Counsel did little more than review Plaintiff's materials and the Administrative Record, approve the case for intake and filing, and communicate via email with the Commissioner regarding the motion to remand. The Second Circuit has cautioned that "[a] windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." *Fields*, 24 F.4th at 856; *see also Piccolo*, 2024 WL 5159439, at *2 (reducing counsel's requested hourly rate of $2,220.48 where, *inter alia*, "plaintiff's case was favorably resolved before counsel filed any brief, with the agency agreeing to a remand"); *Gray*, 2023 WL 3948796, at *4 (reducing counsel's requested hourly rate of $1,879.58 where the Commissioner "stipulated to remand after the opening brief, indicating that this case was far less uncertain than the underlying case in *Fields*").

Nevertheless, balancing all the *Fields* factors, the Court finds that the requested fee is reasonable and does not constitute a windfall.

5

Counsel's requested fee of $5,800 for 2.9 hours of attorney work results in an effective hourly rate of $2000. While this is high, it is within the range of the hourly rates that courts in the Second Circuit have approved in other § 406(b) cases. *See, e.g.*, *Fields*, 24 F.4th at 854, 856 n.10 (collecting cases in which *de facto* hourly rates from $1,289.06 to $2,100 were awarded); *Thomas v. Comm'r of Soc. Sec.*, No. 23-CV-4642 (LJL)(GWG), 2024 WL 4942283, at *3 (S.D.N.Y. Dec. 3, 2024) (awarding an hourly rate of $2,000), *R&R adopted*, No. 23-CV-04642 (LJL), 2024 WL 5168891 (S.D.N.Y. Dec. 19, 2024). The Court notes that in cases where counsel did not do much work, courts have reduced the effective hourly rates to below $2,000. *See, e.g.*, *Piccolo*, 2024 WL 5159439, at *2 (E.D.N.Y. Dec. 18, 2024) (noting that a requested *de facto* hourly rate of $2,220.48 would be "above" some of the highest attorneys' fees awarded in the Second Circuit and reducing the rate to $1,500 an hour where plaintiff's case was favorably resolved with the agency agreeing to a remand before counsel filed any brief, did not represent plaintiff at the agency level, and performed only 3.3 hours of attorney work); *Giorgio v. Comm'r of Soc. Sec.*, No. 21-CV-736 (EK)(MMH), 2025 WL 504537 (E.D.N.Y. Feb. 15, 2025) (reducing counsel's requested rate of $6,033.24 to $1,500 where counsel requested 12.5% of the past-due benefits for three hours of work), *R&R adopted*, No. 21-CV-736(EK)(MHH), 2025 WL 753867 (E.D.N.Y. Mar. 10, 2025); *cf. Mannouris v. Commr. of Soc. Sec.*, 2023 WL 9118792, at *4 (S.D.N.Y. Dec. 22, 2023) (awarding an hourly rate of $1,918 despite noting the absence of extensive efforts by the attorney). *But see Duncan v. Comm'r of Soc. Sec.*, No. 20-CV-6218 (FB), 2024 WL 3594667, at *1 (E.D.N.Y. July 31, 2024) (awarding an hourly rate of $2,458.56 for 3.4 hours of work).

Here, Counsel does not request that the hours of work performed by the paralegal be included in calculating the hourly rate, which would have reduced the rate below $2000.[2] (Mem. at 5.)

---

[2] *See, e.g.*, *Sanchez v. Comm'r of Soc. Sec.*, No. 20-CV-2091(KAM), 2023 WL 5237591, at *1 (E.D.N.Y. Aug. 15, 2023) (including 7.2 hours billed by paralegals in calculating the effective hourly rate); *Pelucco v. Comm'r of Soc. Sec.*, No. 19-CV-4397 (RRM), 2023 WL 2711045, at *4 (E.D.N.Y. Mar. 30, 2023) (including 2.6 hours billed by paralegal); *see also Galan v. Comm'r of Soc. Sec.*, No. 20CV9096ERJLC, 2023 WL 4420289, at *1 (S.D.N.Y. July 10,

6

Significantly, Counsel asks for less than a quarter of the $25,126.50 maximum amount that he could have requested, seeking only what is effectively 5.8% of the past-due benefits. By "voluntarily seek[ing] a smaller award, a finding of reasonableness is strengthened." *Casiano v. Kijakazi*, No. 19-CV-9732 (JGK), 2023 WL 3760941, at *2 (S.D.N.Y. June 1, 2023); *Springer*, 2023 WL 2711313, at *4 (finding the fee requested by counsel to be reasonable because, *inter alia*, the amount he sought was "less than half of the amount to which he was entitled under the express terms of the Attorney Fee Agreement with plaintiff"); *Thomas*, 2024 WL 4942283, at *3 (noting that "counsel willingly reduced his fee to less than half of the agreed-to amount"); *Duncan*, 2024 WL 3594667, at *1 (noting that "the proposed fee award here is 12.5%, below the 25% cap").

In view of the above, together with the importance of encouraging attorneys to accept Social Security cases on a contingency basis, and taking heed of "the Second Circuit's admonition that a 'windfall' occurs only when it is 'truly clear that the fee is unearned by counsel,'" *Thomas*, 2024 WL 4942283, at *3 (quoting *Fields*, 24 F.4th at 849), the Court finds that the fee sought by Counsel is reasonable and does not constitute a windfall. "A court's insistence on a further reduction could 'only serve to diminish the pool of attorneys willing to accept the risk of taking on social security cases on a contingency fee basis in the future.'" *Id.* at *4 (quoting *Marden v. Commr. of Soc. Sec.*, 2024 WL 4499312, at *2 (S.D.N.Y. Oct. 16, 2024)).

Given the totality of the circumstances, and the relatively small amount requested by Counsel in relation to the total benefit amount received by Plaintiff, the requested fee is reasonable. *Fields*, 24 F.4th at 854 (noting that "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case").

---

2023) (including seven hours billed by paralegal); *Crystal M.C. v. Comm'r of Soc. Sec.*, No. 520CV807FJSATB, 2023 WL 144066, at *3 fn.2 (N.D.N.Y. Jan. 10, 2023) (including 7.6 paralegal hours). *But see Hill v. Comm'r of Soc. Sec.*, No. 20-CV-3821 (PKC), 2023 WL 4827265, at *1 (E.D.N.Y. July 27, 2023) (not considering three hours billed by paralegal).

7

## IV. REFUND OF THE EAJA FEES TO PLAINTIFF

The Supreme Court has recognized that fee awards in actions to review Social Security benefit determinations may be made under both the EAJA and under Section 406(b), "but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (alteration in original) (citation omitted); *see also Cahill*, 2016 WL 4581342, at *2 n.1 (noting that plaintiff's attorney will properly remit the smaller of the fees awarded under the EAJA and Section 406(b) to the client). Here, Plaintiff was awarded $994.06 in attorneys' fees under the EAJA. (Mem. at 2; Dkt. 16.) Counsel must therefore refund this amount to Plaintiff.

## V. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Attorneys' Fees is granted, and Counsel is awarded $5,800 in attorneys' fees. Within five business days of receipt of the § 406(b) fees, Counsel is directed to refund the EAJA award of $994.06 to Plaintiff and file a declaration stating such on the docket.

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
        April 25, 2025